IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| BRIAN KEITH McGILL | § |  |
|---|---|---|
| Petitioner, | § | |
| VS. | § | NO. 3-10-CV-2270-K-BD |
| RICK THALER, Director Texas Department of Criminal Justice, Correctional Institutions Division | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Brian Keith McGill, a Texas prisoner, has filed an application for writ of habeas corpus and motion to proceed *in forma pauperis*. For the reasons stated herein, the habeas petition should be dismissed as successive and the motion to proceed *in forma pauperis* should be denied. Petitioner also should be sanctioned $100.00 for his continued abuse of the judicial system.

I.

In 2005, petitioner pled guilty to a state drug charge and was sentenced to 25 years confinement. His conviction and sentence were affirmed on direct appeal. *McGill v. State*, 200 S.W.3d 325 (Tex. App.--Dallas 2006, no pet.). Petitioner also filed an application for state post-conviction relief and four federal writs of habeas corpus. His state writ was denied without written order. *Ex parte McGill*, WR-29,683-02 (Tex. Crim. App. Jul. 11, 2007). One federal writ was dismissed for failure to exhaust state remedies. *McGill v. Quarterman*, No. 3-06-CV-1705-G, 2006 WL 3091539 (N.D. Tex. Nov. 1, 2006). Another federal writ was denied on the merits. *McGill v. Quarterman*, No. 3-07-CV-1390-M, 2008 WL 495897 (N.D. Tex. Feb. 25, 2008). Two subsequent

federal writs were dismissed as successive. *McGill v. Quarterman*, No. 3-08-CV-0737-G, 2008 WL 2312372 (N.D. Tex. Jun. 4, 2008), *appeal dism'd*, No. 08-10754 (5th Cir. Sept. 9, 2008); *McGill v. Quarterman*, No. 3-08-CV-1581-D, 2008 WL 5119605 (N.D. Tex. Dec. 4, 2008). The Fifth Circuit has twice denied petitioner authorization to file a successive section 2254 application. *In re McGill*, No. 09-10128 (5th Cir. Apr. 28, 2009); *In re McGill*, No. 10-10293 (5th Cir. Apr. 28, 2010). Undeterred, petitioner now seeks federal habeas relief for a fifth time on the grounds that: (1) he received ineffective assistance of counsel; and (2) his guilty plea was coerced. Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). A claim presented in a second or successive application under section 2254 must be dismissed unless:

> (A)　the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> 　(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244(b)(3).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

### III.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *2 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See id.* (citing cases).

In dismissing his last federal writ, the court warned petitioner that:

> if he . . . files another successive habeas petition without first obtaining leave from the United States Court of Appeals for the Fifth Circuit, he will be subject to sanctions, up to and including monetary sanctions payable to the court, and to being barred from filing any additional habeas actions in federal court without first obtaining permission from the court.

*McGill v. Quarterman*, No. 3-08-CV-1581-D (N.D. Tex. Dec. 4, 2008) (Doc. #10). Since that warning was issued, petitioner twice sought permission from the Fifth Circuit to file a successive federal writ. Both times permission was denied. Most recently, the appeals court cautioned petitioner that:

> the filing of frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

*In re McGill*, No. 10-10293, or. at 2 (5th Cir. Apr. 28, 2010). Petitioner has ignored those sanctions warnings by filing yet another federal writ challenging his state drug conviction without obtaining prior approval from the court of appeals. In order to deter such conduct in the future, petitioner should be sanctioned $100.00.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals. His motion to proceed *in forma pauperis* should be denied. In addition, petitioner should be sanctioned $100.00 and barred from filing any habeas actions in federal court until this sanction is paid.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 12, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE